UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT R. CAUTILLO,<br><br>                    Plaintiff,<br><br>               -v.-<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | 17 Civ. 1356 (KPF) (DCF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

In February 2017, Plaintiff Vincent Cautillo filed a petition for Social Security Disability Insurance benefits ("SSDI") under Title II of the Social Security Act of 1935, and an appeal from the Commissioner's denial of same. In the course of that appeal, the parties submitted a joint stipulation concerning the relevant factual and legal issues, including the issues in dispute. On February 20, 2018, United States Magistrate Judge Debra Freeman found in Cautillo's favor, issuing a Report and Recommendation (the "Report") that recommended remand of the matter for further administrative proceedings. This Court adopted the Report in its entirety after neither party objected. *Cautillo* v. *Berryhill*, No. 17 Civ. 1356 (KPF) (DCF), 2018 WL 1305717 (S.D.N.Y. Mar. 12, 2018) (opinion adopting and appending Report).

Having obtained a favorable result for his client, counsel for Cautillo now seeks attorney's fees and costs for the representation. Defendant counters that the amount of hours billed is excessive. For the reasons set forth below, the Court awards attorney's fees in the amount of $9,687.08 and costs in the amount of $426.91.

# BACKGROUND[1]

The factual background to this case is exhaustively summarized in Judge Freeman's 72-page Report (Dkt. #17), and this Opinion therefore focuses on the bases for the parties' fee positions.

On February 23, 2017, counsel for Plaintiff filed a two-page complaint arguing that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." (Dkt. #1). This Court referred the matter to United States Magistrate Judge Katharine H. Parker for a report and recommendation. (Dkt. #8). Pursuant to Judge Parker's individual rules, Defendant was ordered to file the Electronic Certified Administrative Record for Plaintiff's case, after which the parties were directed to engage in good-faith settlement discussions. (Dkt. #11).[2] If discussions were unsuccessful in resolving the matter, the parties were directed to prepare a joint stipulation in lieu of cross-motions for judgment on the pleadings. Among other requirements,

> The Joint Stipulation shall include a brief summary of the case, the parties' positions with respect to the Administrative Law Judge's summary of the material medical evidence and testimony of record, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. Any issue not raised in the Joint Stipulation may be deemed to have been waived. The Court is familiar with the standard of

---

[1] Plaintiff counsel's application for attorney's fees and costs comprises, among other submissions, an affidavit ("Pl. Aff." (Dkt. #22)), a memorandum of law ("Pl. Mem." (Dkt. #23)), and a reply memorandum of law ("Pl. Reply" (Dkt. #26)). Defendant's opposition memorandum of law is referred to as "Def. Opp." (Dkt. #25)).

[2] The administrative record is 1,551 pages long. (Dkt. #12).

> review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.

(*Id.* at 3).

Settlement discussions were not successful. (Dkt. #13). In consequence, on October 19, 2017, the parties filed their joint stipulation (the "Joint Stipulation") with Judge Freeman, to whom the matter had been reassigned. (Dkt. #16). The Joint Stipulation was 41 pages long, of which approximately half was devoted to Plaintiff's challenges to the administrative proceedings below. (*Id.* at 5-12, 20-23, 25-29, 33-35, 38-40). Among other challenges, Plaintiff argued that the ALJ failed to follow the treating physician rule, failed to develop the record as to certain evidence, erred in assessing Plaintiff's credibility, and erred in his determination that Plaintiff could continue to perform sedentary work. (*Id.*).

Ultimately, while agreeing with several of Defendant's arguments, Judge Freeman recommended that this Court remand the matter to the Social Security Administration with certain specific directives. Judge Freeman found, first, that the ALJ had failed to follow the treating physician rule, *see* 20 C.F.R. § 404.1527(c)(2), in considering the medical opinions proffered by treating neurosurgeon Dr. Kaushik Das and treating psychiatrist Dr. Mitchell Cabisudo. (Report 46-62). These errors, in turn, led to errors in the ALJ's assessment of Plaintiff's credibility. (*Id.* at 63-68; *see id.* at 64 ("This Court agrees that the ALJ's assessment of Plaintiff's credibility was infected by the

3

ALJ's improper weighing of the opinion evidence, particularly that of Dr. Das, and that, while Defendant is correct that the ALJ was 'not required to discuss every piece of evidence submitted' (Joint Stip., at 31), the evidence that the ALJ chose to discuss in his credibility evaluation did not accurately portray the medical record as a whole.")). Additionally, these errors called into question the ALJ's determination of Plaintiff's residual functional capacity ("RFC"). (*Id.* at 68-70).

Two months after this Court's adoption of the Report, on May 22, 2018, counsel for Plaintiff filed a motion for award of attorney's fees and costs pursuant to 28 U.S.C. § 2412(d). (Dkt. #20). Specifically, counsel sought fees in the amount of $11,507.82 for fees and $426.91 in costs.[3] Counsel explained that the fees figure represented 49.9 hours of work at an attorney rate of $196.79 per hour and 21.10 hours of work at a paralegal rate of $80 per hour. (Pl. Aff.). Defendant objected to the fees component of the request, claiming that the number of hours billed was excessive, and that a portion of the hours billed at the paralegal rate reflected clerical tasks that are not compensable. (Def. Opp. 3-4).

---

[3] Counsel for Plaintiff lists a different amount in his Itemization of Services, which amount the Court deems an arithmetic or typographical error. (*Compare* Dkt. #20 at 1 (requesting $11,507.82 in fees), *and* Pl. Aff 2 (same), *with* Pl. Aff., Ex. A at 4 (listing total as $10,507.82)).

**DISCUSSION**

**A.     Applicable Law**

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983); *see generally Sava* v. *Comm'r of Soc. Sec.*, No. 06 Civ. 3386 (KMK) (PED), 2014 WL 129053, at *2 (S.D.N.Y. Jan. 10, 2014). Under the EAJA, a reasonable hourly rate "'shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that a higher fee is justified due to an increase in the cost of living or other special circumstances. 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments may be made for inflation and calculated based upon the corresponding Consumer Price Index ("CPI") for each year in which services were performed. *See Kerin* v. *U.S. Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000).[4]

A district court has broad discretion when determining the reasonableness of attorney's fees and may make appropriate reductions to the fees requested. *See Walker* v. *Astrue*, No. 04 Civ. 891 (MAD), 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove* v. *Barnhart*, 435 F.

---

[4]     Counsel for Plaintiff proffers a rate of $196.79, which, he states, is the maximum rate allowed by the EAJA and the Ninth Circuit, and which reflects an adjustment for cost of living increases. (Pl. Aff. ¶ 7). Defendant does not contest the reasonableness of this rate for this case.

Supp. 2d 218, 221 (W.D.N.Y. 2006)). When it comes to determining the amount to be awarded under the EAJA, a district court "need not ... scrutinize[ ] each action taken or the time spent on it." *Aston* v. *Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986) (quoting *N.Y. Ass'n for Retarded Children* v. *Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). However, in making its determination, "the district court should exclude hours that are not 'reasonably expended,' i.e., hours that are excessive, redundant or otherwise unnecessary." *Walker*, 2008 WL 4693354, at *5 (quoting *Hensley*, 461 U.S. at 434); *see also Torres* v. *Barnhart*, No. 02 Civ. 9209 (AJP), 2007 WL 1810238, at *14 (S.D.N.Y. June 25, 2007) (citing *Healey* v. *Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007)). Among other factors, courts have considered the expertise of counsel, the amount of time billed to particular tasks, the inclusion of time spent on clerical tasks, and the relative precision of the billing. *See generally Titus ex rel. N.M.C.* v. *Colvin*, No. 12 Civ. 1056 (MAD) (VEB), 2014 WL 3534981, at *3 (N.D.N.Y. July 17, 2014) (collecting cases).

District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *See Titus*, 2014 WL 3534981, at *3; *Cruz* v. *Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey* v. *Chater*, No. 95 Civ. 8847 (JFK), 1997 WL 12806, at *2 (S.D.N.Y. Jan. 14, 1997); *Hogan* v. *Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). That said, district courts have "not hesitated ... to award attorney's fees well in excess of the routine twenty to forty hours where the

facts of the specific case warrant[ ] such an award." *Hiciano* v. *Apfel,* No. 98 Civ. 4037 (DLC), 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002) (citations omitted); *accord Stewart* v. *Comm'r of Soc. Sec.*, No. 12 Civ. 3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014). Factors that may justify a larger award include the factual, substantive, and procedural complexities of the case, *see Colegrove*, 435 F. Supp. 2d at 220-21 (approving approximately 90 hours of work, due to the case's "complicated procedural history, and the substantive issues involved"); the size of the administrative record, *see id.* at 220 (citing "size of the administrative transcript (over 1,100 pages)" as a justification for a larger award); and the efficacy of the attorney's efforts, *see Borus* v. *Astrue*, No. 09 Civ. 4723 (PAC), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012).

## B.  Discussion

The Court begins by placing to the side the issues that are not disputed. Defendant does not dispute (i) the entitlement of Plaintiff's counsel to reasonable attorney's fees and costs under EAJA, (ii) the reasonableness of the proffered rates, or (iii) the amount of costs. Instead, Defendant contests the number of hours billed, which is in excess of the twenty-to-forty-hour average recognized by the Second Circuit. (Def. Opp. 3-4). In addition, Defendant argues that certain hours charged at a paralegal rate were non-compensable clerical time or reflect duplication of effort. (*Id.* at 3). The Court has reviewed

the billing submissions with care, and has determined that, with one exception discussed *infra*, the hours are reasonable.

The Court acknowledges that the legal issues implicated by this litigation were not especially complex, and certainly not so for an attorney with counsel's experience. Even so, the record in this case was significantly larger than average — 1,551 pages — and counsel was required to scour that record in order to make the arguments that succeeded with this Court. The Court also observes that Plaintiff's case was sufficiently complex that Judge Freeman's Report spanned 72 pages. Moreover, and specific to this case, the Court believes that the process utilized by Judges Parker and Freeman of requiring the parties to prepare a joint stipulation rather than cross-motion papers — while certainly an effective tool for management of the Court's docket — necessarily required additional hours from each of the parties' counsel. The Court will therefore not reduce the number of hours simply because they exceed the average in this Circuit.

Defendant's second argument has somewhat more traction. Certain of the entries in counsel's submission, including those identified by Defendant at page 3 of her brief, are clerical entries for which no compensation is warranted. Certain other entries reflect a duplication of efforts by attorney and paralegal. In addition, this Court has had a measure of difficulty determining the reasonable number of hours spent on this case because of block-billing and other imprecision in counsel's billing records — including what appear to the

8

Court to be a disproportionate number of full-hour and half-hour billings at the paralegal rate. (*See* Pl. Aff., Ex. A). To account for these issues, the Court exercises its discretion to deduct 6 hours of attorney time and 8 hours of paralegal time from the hours billed by counsel. *Cf. McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Tr. Fund,* 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'" (internal citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court awards attorney's fees in the amount of $9,687.08, comprising 43.90 hours of attorney time at a rate of $196.79 per hour and 13.10 hours of paralegal time at a rate of $80.00 per hour, as well as costs in the amount of $426.91.

The Clerk of Court is directed to terminate the motion at docket entry 20.

SO ORDERED.

Dated: March 12, 2019
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge